Filed 9/8/22 P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E077992 |
| v. | (Super.Ct.No. FSB17000744) |
| STEVEN MICHAEL WILLIAMS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Harold T. Wilson, Jr., Judge.  Affirmed.

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Steven Michael Williams exposed his penis and masturbated in front of several observers in front of a Stater Brothers store in Loma Linda. Deputy Bernabe Ortiz responded to calls about the indecent exposure and found defendant sitting in his vehicle. A two-foot long wooden baton/Billy club was found by defendant's driver's seat. When defendant exited his vehicle, his pants fell to his knees. Defendant was found guilty of misdemeanor indecent exposure.

Defendant appealed his conviction. This court in *People v. Steven Michael Williams* (Nov. 12, 2019, E071337) [nonpub. opn.] (Opinion) upheld defendant's conviction but remanded to the trial court for it to again review the sealed record of the in-camera hearing on defendant's *Pitchess*[1] motion. Upon remand, it appears that one of the records originally reviewed by the trial court was destroyed pursuant to Penal Code section 832.5 (§ 832.5) and Evidence Code section 1045.

Defendant contends on appeal that the destruction of the disputed discovery was malicious and violated his federal constitutional rights to due process and a fair trial. The trial court erred by denying his motion to dismiss his conviction. If this court concludes that dismissal is not warranted, this court should review the sealed record of the in-camera hearing on defendant's *Pitchess* motion for any further error.

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*).

2

## FACTUAL AND PROCEDURAL HISTORY[2]

### A.     SUMMARY OF FACTS AND CONVICTION

As we set forth in the Opinion, Jose Sanchez was sitting in his car at the Stater Brothers shopping center in Loma Linda in the afternoon on February 17, 2017, waiting for his wife, Stacie Garcia. Defendant was in another vehicle and parked in front of Sanchez. Sanchez observed defendant get out of his vehicle. Defendant pulled down his pants exposing his penis. He began masturbating with his right hand while facing three or four girls who exited the Stater Brothers store. He masturbated for two or three minutes. His penis was erect. When the girls left, defendant got back in his vehicle and moved his car near another woman who was in the parking lot. He got out of his vehicle and started masturbating again. She got in her vehicle and left.

Defendant moved his car again, parking near Sanchez. At this point, Garcia had returned to the car. Defendant got out of his vehicle a third time and started masturbating by his open driver's side door. Sanchez did not actually see defendant's penis the third time because defendant's car was in the way, but it appeared he was masturbating based on his movements. Garcia started recording defendant with her cellular telephone. They contacted the police and told the police dispatcher that defendant had his penis exposed and was masturbating in the parking lot. Garcia only witnessed the third time defendant was masturbating and could not actually see his penis exposed.

---

[2] Sections "A" and "B" are taken from the Opinion.

San Bernardino County Sheriff's Deputy Bernabe Ortiz arrived to assist another deputy who was already at defendant's car. He approached the driver's side of defendant's vehicle. Deputy Ortiz ordered defendant to exit the car. Deputy Ortiz observed defendant reaching for something in between the driver's seat and the center console of the vehicle. Deputy Ortiz opened the door and defendant got out of the car. Defendant's pants were down to his knees but he was wearing underwear. Deputy Ortiz asked defendant why his pants were all the way down and he responded he did not know.

Deputy Ortiz searched defendant's vehicle. He found a two-foot wooden baton//Billy club underneath the driver's seat near the center console. It was solid wood. The baton/Billy club, in Deputy Ortiz's experience, could be used as a weapon and could inflict injury. Deputy Ortiz also found a bottle of lotion in defendant's pant's pocket.

Defendant was charged with felony possession of a Billy/Blackjack within the meaning of Penal Code section 22210, but the jury found him not guilty of the felony. Defendant was found guilty of one count of misdemeanor indecent exposure (Pen. Code, § 314, subd. (a)). He was sentenced to serve 180 days in county jail with credit for time already served. He was also ordered to mandatory lifetime registration as a sexual offender pursuant to Penal Code section 290.

B.    DETERMINATION THAT REMAND WAS NECESSARY IN PRIOR APPEAL

In the first appeal, case No. E071337, defendant asked this court to review the sealed in-camera hearing transcript to determine if the trial court properly exercised its discretion to deny the request for citizen complaints against Deputy Ortiz. Defendant had

4

brought a *Pitchess* motion prior to trial seeking any and all information regarding the fabrication of evidence, discipline imposed on Deputy Ortiz and any other impeaching material. Defendant alleged that Deputy Ortiz filed a false police report in regards to the location of the baton found in his car and to impeach his credibility. The custodian of records for San Bernardino County appeared before the trial court with Deputy Ortiz's records. An in-camera hearing was conducted. The trial court found no discoverable relevant information.

In our Opinion, we noted we had reviewed the sealed transcript of the *Pitchess* hearing, and that the documents reviewed by the trial court were not made part of the record on appeal. The trial court found two items non-discoverable because they were unsustained complaints that were unfounded, but we concluded that the items may have been discoverable. Since the trial court did not describe for the record the circumstances involved with these two items, it was impossible to determine if the trial court based its decision solely on the items not being relevant to the charges against defendant or because the complaints were determined to be unfounded. Moreover, the trial court failed to include the records and did not describe the items in detail for the record.

We conditionally reversed the judgment and remanded for a new *Pitchess* hearing. We ordered that if the trial court found that no documents were discoverable, it should make an appropriate record and the judgment may be reinstated. If the trial court determined that defendant was entitled to *Pitchess* discovery, it must provide that discovery and give defendant an opportunity to demonstrate prejudice.

5

C.    REMAND PROCEEDINGS

Upon remand, the trial court conducted an in-camera hearing. The deputy county counsel present representing San Bernardino County (county) stated before the in-camera hearing that one of the two items reviewed by the trial court during the prior *Pitchess* hearing had been purged because it was more than five years old pursuant to section 832.5, subdivision (b) and Evidence Code section 1045, subdivision (b)(1). Counsel who represented the county had not been made aware of the appeal so the county was unaware that it should preserve the items. Custodian of Records Stephen Miller appeared with Deputy Ortiz's records on behalf of the county. The *Pitchess* motion was denied. We have reviewed the in-camera hearing. During the hearing, the trial court determined that there had been two items it had reviewed at the previous in-camera hearing. One of the items was reviewed and the trial court found it to be not discoverable. The trial court noted that the second item could not be reviewed because it had been purged pursuant to the five-year timeline in section 832.5.

In open court, the trial court stated that the records in Deputy Ortiz's files went up until 2015 and the remaining items had been purged. County counsel confirmed the county was not noticed of the appeal. The parties were then ordered to address prejudice to defendant due to the missing item.

The People filed a Response to Remittitur. The People set forth the issue to be resolved was whether the judgment could be reinstated despite one of the previously reviewed *Pitchess* documents having been purged and the trial court was unable to review the item. It noted it was an issue of first impression. The People contended

6

regardless of what the item destroyed revealed about past complaints about Deputy Ortiz, defendant could not show a reasonable probability that the outcome would have been different as the indecent exposure incidents had already occurred when he arrived at the scene.

Defendant filed a Motion to Dismiss and Response to Remittitur. Defendant agreed there was no case law which supported his argument of dismissal and that it was a matter of first impression. Defendant contended that since one of the two items to be reviewed by the trial court had been destroyed, a complete *Pitchess* review was not conducted. Without a complete *Pitchess* motion, defendant was unable to argue prejudice. The case should be dismissed.

The trial court heard the matter on October 21, 2021. Defendant's counsel argued that there was no information as to the item that was destroyed. Further, the county should be held responsible for preserving the records when an appeal has been filed. Defendant was unable to show prejudice. Deputy Ortiz provided testimony in regards to the indecent exposure conviction and defendant should be able to impeach him. Defendant's counsel requested that the case be dismissed.

The People contended that two witnesses observed defendant masturbating in public and testified. Deputy Ortiz did not arrive until defendant was back in his car. The fact that Deputy Ortiz observed defendant with his pants down to his knees was not an issue because he did not see the act constituting the indecent exposure. Even if the item destroyed impeached Deputy Ortiz's credibility it would not change the results. The People further argued that defendant had to show the record was destroyed in bad faith.

7

The county was not on notice that this would be an issue on appeal. The record was purged pursuant to their retention of records policy. Defendant's counsel responded that the jury relied on testimony from Sanchez and Deputy Ortiz in finding him guilty of the indecent exposure.

The trial court ruled it had conducted a second *Pitchess* hearing and the items reviewed were not discoverable. The trial court concluded that even if the missing document was discoverable, and was damaging to Deputy Ortiz's credibility, the results would be the same based on testimony from other witnesses. The trial court found that defendant had failed to show prejudice and reinstated the judgment.

## DISCUSSION

"In [*Pitchess*], we recognized that a criminal defendant may, in some circumstances, compel the discovery of evidence in the arresting law enforcement officer's personnel file that is relevant to the defendant's ability to defend against a criminal charge. 'In 1978, the California Legislature codified the privileges and procedures surrounding what had come to be known as "*Pitchess* motions" . . . through the enactment of Penal Code sections 832.7 and 832.8 and Evidence Code sections 1043 through 1045.' " (*People v. Mooc* (2001) 26 Cal.4th 1216, 1219-1220 (*Mooc*).) " 'Traditionally, *Pitchess* motions seek information about past complaints by third parties of excessive force, violence, dishonesty, or the filing of false police reports contained in the officer's personnel file.' " (*People v. Superior Court (Johnson)* (2015) 61 Cal.4th 696, 710 (*Johnson*).)

8

In order to obtain these records, a defendant must file a motion seeking the records and serve the governmental agency having custody of the records sought. The motion should describe the records which are sought and the materiality to the pending litigation. (*Johnson*, *supra*, 61 Cal.4th at p. 710.) " 'If the trial court concludes the defendant has fulfilled these prerequisites and made a showing of good cause, the custodian of records should bring to court all documents "potentially relevant" to the defendant's motion. [Citation.] The trial court "shall examine the information in chambers" [citation], "out of the presence and hearing of all persons except the person authorized [to possess the records] and such other persons [the custodian of records] is willing to have present" [citations]. Subject to statutory exceptions and limitations, . . . the trial court should then disclose to the defendant "such information [that] is relevant to the subject matter involved in the pending litigation." (*Id*., § 1045, subd. (a).)' " (*Johnson*, at pp. 710-711.)

The *Mooc* court also noted, "The trial court should then make a record of what documents it examined before ruling on the *Pitchess* motion. Such a record will permit future appellate review. If the documents produced by the custodian are not voluminous, the court *can* photocopy them and place them in a confidential file. Alternatively, the court *can* prepare a list of the documents it considered, or simply state for the record what documents it examined. Without some record of the documents examined by the trial court, a party's ability to obtain appellate review of the trial court's decision, whether to disclose or not to disclose, would be nonexistent." (*Mooc*, *supra*, 26 Cal.4th at p. 1229, italics added.)

"*Pitchess* . . . and its statutory progeny are based on the premise that evidence contained in a law enforcement officer's personnel file may be relevant to an accused's criminal defense and that to withhold such relevant evidence from the defendant would violate the accused's due process right to a fair trial." (*Mooc, supra*, 26 Cal.4th at p. 1227.) However, "*Pitchess*, . . . is not a case involving the destruction of records or a duty to retain records. It involves only the right to *discovery* where records are in existence." (*City of Sacramento v. Municipal Court* (1978) 83 Cal.App.3d 795, 798.) *Pitchess* did not hold that "a law enforcement agency has a duty to retain and preserve records permanently that may possibly benefit prospective defendants in future cases." (*City of Sacramento*, at p. 799.)

"Under [*Brady v. Maryland* (1963) 373 U.S. 83], "the prosecution must disclose to the defense any evidence that is 'favorable to the accused' and is 'material' on the issue of either guilt or punishment. Failure to do so violates the accused's constitutional right to due process. [Citation.] Evidence is material under the *Brady* standard 'if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.' " (*City of Los Angeles v. Superior Court* (2002) 29 Cal.4th 1, 7-8 (*Los Angeles*).) "Closely related to the *Brady* rule requiring the prosecution to disclose material evidence favorable to the defense is the prosecution's obligation to retain evidence. With respect to retention, however, the prosecution's obligation is narrower. Its failure to retain evidence violates due process only when that evidence "might be expected to play a significant role in the suspect's defense," and has "exculpatory value [that is] apparent before [it is] destroyed." (*Id.* at p. 8, citing,

10

*California v. Trombetta* (1984) 467 U.S. 479, 488-489 (*Trombetta*).) *Trombetta* also requires a showing of bad faith in destroying of the items. (*Trombetta*, at p. 488; see *Arizona v. Youngblood* (1988) 488 U.S. 51, 58 ["[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law"].)

Here, the record in question was destroyed pursuant to section 832.5 which provides for the routine destruction of personnel records by a department or agency of the county. We note that the Legislature has made significant changes to section 832.5 effective January 1, 2022.

Prior to January 1, 2022, section 832.5, subdivision (b) provided as follows: "Complaints and any reports or findings relating to these complaints, shall be retained for a period of at least five years. All complaints retained pursuant to this subdivision may be maintained either in the peace or custodial officer's general personnel file or in a separate file designated by the department or agency as provided by department or agency policy, in accordance with all applicable requirements of law. However, prior to any official determination regarding promotion, transfer, or disciplinary action by an officer's employing department or agency, the complaints described by subdivision (c) shall be removed from the officer's general personnel file and placed in separate file designated by the department or agency, in accordance with all applicable requirements of law." (Former § 832.5, subd. (b).) Effective January 1, 2022, the first and second sentences of section 832.5, subdivision (b) read as follows: "Complaints and any reports or findings relating to these complaints, including all complaints and any reports

11

currently in the possession of the department or agency, shall be retained for a period of no less than 5 years for records where there was not a sustained finding of misconduct and for not less than 15 years where there was a sustained finding of misconduct. *A record shall not be destroyed while a request related to that record is being processed or any process or litigation to determine whether the record is subject to release is ongoing.*" (Stats. 2021, c. 402 (S.B. 16), eff. Jan. 1, 2022, italics added.)

Based on the change to statutory language, the onus of retaining records is placed on the department or agency as of January 1, 2022. We are unaware of any case law or statutory provision prior to 2022 that required the prosecution, the trial court or the department or agency to preserve the records that are reviewed by the trial court during the in-camera *Pitchess* hearing, which are eligible for destruction under section 832.5, for a possible appeal.

In *Los Angeles*, *supra*, 29 Cal.4th 1, the court examined whether California's statutory scheme of not requiring disclosure of complaints of police officer misconduct that occurred more than five years before the crime with which the defendant is charged was contrary to *Brady* and violated a defendant's federal constitutional right to due process. (*Los Angeles*, at p. 10.) The court found that the time limitation was not unconstitutional on its face. (*Ibid.*)

The court noted, "A law enforcement agency's destruction of a citizen's complaint violates a defendant's right to due process only when the complaint's exculpatory value to a particular criminal case is readily apparent before its destruction. [Citation.] The mere 'possibility' that the complaint might be exculpatory in some future case is

12

insufficient. [Citation.] Unless there is bad faith by the law enforcement agency, the destruction of records does not implicate a defendant's constitutional right to a fair trial; routine destruction by a law enforcement agency 'acting . . . "in accord with [its] normal practice" ' tends to indicate ' "good faith." ' " (*Los Angeles*, *supra*, 29 Cal.4th at pp. 11-12.)

Here, the record supports that the item reviewed during the first *Pitchess* motion was destroyed sometime after the hearing during a normal purging of records pursuant to section 832.5. There is no evidence of bad faith on the part of the county or county counsel. Defendant is unable to show that his federal constitutional rights to a fair trial or due process are implicated by the routine destruction of the document in question.

Defendant contends the destruction of the evidence in this case was in bad faith as county counsel was on notice to preserve the two items based on the appeal filed in this case. As stated, the items were destroyed based on the statutory policy that records more than five years old are routinely destroyed. Defendant has provided no relevant case law or statutory provision prior to January 1, 2022, which *requires* that the items had to be retained in Deputy Ortiz's file. Further, county counsel attested that the county was unaware of the ongoing litigation. The missing item was not destroyed based on bad faith.

Additionally, defendant assumes that the destroyed item was "material" and "exculpatory" evidence. He contends that trial court erred by not preserving the evidence. However, there is nothing that supports the assumption that this was material and exculpatory evidence. This was one unsubstantiated complaint against Deputy Ortiz.

13

Moreover, there is no support for defendant's claim that the trial court and county counsel were required to maintain the records during the ongoing litigation.[3]

Defendant relies on *People v. Zamora* (1980) 28 Cal.3d 88. In *Zamora*, a defendant was arrested for battery on a police officer and resisting an officer and sought to obtain records of any excessive force complaints against several police officers. (*Id.* at p. 94.) A city ordinance different from section 832.5 allowed for the destruction of citizen complaints in personnel files for police officers and led to the destruction of records in the arresting officers' files that were less than five years old. (*Id.* at pp. 93-95, 97-98.) The California Supreme Court reversed the defendant's convictions finding that the city wrongfully destroyed portions of the officers' records. (*Id.* at pp. 98-100.) In remanding the case for retrial, the high court determined that as a sanction for the city's wrongful destruction of the evidence, the jury should be instructed the destroyed files contained evidence the officers had used excessive force in the past and that the jury may rely on this information to infer the officers were prone to use excessive or unnecessary force. It found dismissal of the charges was an excessive sanction as there was no showing of bad faith. (*Id.* at pp. 99-103.)

Initially, *Zamora* was based on a city ordinance that allowed for the destruction of records that were two years, rather than five years, old. The California Supreme Court found that such ordinance could not be relied on to support the argument that there

---

[3] The court notes that under *Mooc*, *supra*, 26 Cal.4th at page 1229, the trial court should make a record of the documents reviewed during a *Pitchess* motion but there is no mandatory provision that it maintain the records.

should be no sanction as the records were destroyed before five years. (*Zamora*, *supra*, 28 Cal.3d at pp. 97-98.) Here, section 832.5 has been upheld against prior constitutional challenges. Based on our review of the in-camera hearing here, the records were purged in compliance with the five-year timeline. Moreover, *Zamora* was based on *People v. Hitch* (1974) 12 Cal.3d 641,[4] which was overruled by *Trombetta*, *supra*, 467 U.S. 479. (See *People v. Frye* (1998) 18 Cal.4th 894, 942-943 [after *Trombetta,* in order to show a due process violation for failure to retain evidence, a defendant must show "bad faith" and that the "exculpatory value of the evidence at issue."].)

Based on the foregoing, there was no mandatory provision prior to January 1, 2022, that required the county to retain all of the records in Deputy Ortiz's file pending a possible appeal of the *Pitchess* motion. Moreover, there is no evidence that the county was aware the documents in Deputy Ortiz's file could be potentially relevant to future litigation by defendant. Dismissal of defendant's conviction is not an appropriate sanction based on the routine destruction of evidence.

Defendant also asks this court to review the in-camera hearing to determine if the trial court properly determined that the remaining item in Deputy Ortiz's file was not subject to discovery. We have reviewed the hearing and find the trial court properly determined that the one item was not discoverable in this case. We find the trial court properly reinstated defendant's judgment.

---

[4] *Hitch* held that "the intentional suppression of material evidence favorable to a defendant who has requested it constitutes a violation of due process, irrespective of the good or bad faith of the prosecution." (*People v. Hitch*, *supra*, 12 Cal.3d at p. 646.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER_____
Acting P. J.

We concur:

CODRINGTON_____
J.

SLOUGH_____
J.

16